**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3187
_____

PHARAOH OJORE NKOSI,
a/k/a Brian Keith Garries,
                                        Appellant

v.

WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-02166)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2024
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: February 8, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pharaoh Ojore Nkosi appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm the District Court's judgment.

In 1983, Nkosi was sentenced to life in prison after being convicted by a court-martial of the premeditated murder of his pregnant wife. The United States Air Force Court of Military Review and the United States Court of Military Appeals affirmed his conviction and sentence. United States v. Garries, 19 M.J. 845, 869 (A.F.C.M.R. 1985), aff'd, 22 M.J. 288 (C.M.A. 1986). His sentence was later reduced by the Air Force Clemency and Parole Board to 89 years. Although he has applied for parole several times, the United States Parole Commission has denied his applications.

In 2021, Nkosi filed a § 2241 petition in which he alleged that because he was 20 years old at the time of the murder in 1981, he was entitled to have the Parole Commission's guidelines for youth offenders in existence at the time of his offense applied to his applications for parole. He asserted that the Commission later streamlined the youth and adult offender guidelines into one set of guidelines and argued that the Commission's use of those new guidelines in 1999 to calculate his customary time to be served before release violated the Ex Post Facto Clause. He also argued that under the former youth guidelines, he was entitled to a parole hearing every 12 months as opposed to every 24 months under the new guidelines. The District Court concluded that Nkosi's Ex Post Facto claim was without merit and that the Commission had not abused its

discretion when it denied him parole. Nkosi filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We agree with the District Court that Nkosi is not entitled to habeas relief and have little to add to its thorough analysis. In his brief on appeal, Nkosi argues that the Parole Commission violated the Ex Post Facto Clause as well as his right to due process when it applied the new guidelines. He also contends that the District Court erred in removing defendants other than the warden of his institution.

We will assume arguendo that, at the time of his offense, Nkosi would have been considered a youth for the purposes of the youth guidelines. In order to show a violation of the Ex Post Facto Clause, Nkosi must show that as applied to his sentence, the change in the law created a significant risk of increasing his punishment. Garner v. Jones, 529 U.S. 244, 255 (2000). Even if Nkosi could show that the parole guidelines should be considered laws, see United States ex rel. Forman v. McCall, 709 F.2d 852, 862 (3d Cir. 1983), he has not shown a significant risk of an increase in punishment. "[T]he ultimate question is the effect of the change in parole standards on the individual's risk of increased punishment." Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282, 291 (3d Cir. 2005). Nkosi argues that the application of the new guidelines increased his customary time to be served by 108 months. However, as explained by the District Court, under both the new guidelines and the former youth guidelines, an offense with the greatest severity—which Nkosi's crime of premeditated murder clearly is—had no upper limit for the customary time to be served before release. Nkosi has not shown that he

would have been granted parole if he had been considered for parole earlier or with a shorter customary time before release calculation. Nkosi has not shown a violation of the Ex Post Facto Clause.

Nkosi also contends that under the youth guidelines he was entitled to a parole hearing every 12 months. He has not shown, however, a significant risk of increased punishment based on use of the new guidelines. See California Dep't of Corr. v. Morales, 514 U.S. 499, 501 (1995) (holding that amendment decreasing the frequency of parole hearings from every year to every three years did not violate the Ex Post Facto Clause).

To the extent that Nkosi challenges the substantive decision of the Parole Commission, he must show that there is no rational basis in the record for the decision. See Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 247-48 (3d Cir. 2008) (quoting Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998)) (explaining that the Commission need only articulate a "rational basis" for denying parole). Nkosi is now considered for parole under 18 U.S.C. § 4206(d), which was in effect at the time of his offense. That subsection provides that a prisoner shall be released after serving 30 years of a sentence of more than 45 years unless the Commission determines that "he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." Here, the Commission decided both that Nkosi had seriously violated the institutional rules by committing two assaults in 1984 and that there was a reasonable probability that he

4

would commit another crime. In its April 7, 2020 Notice of Action, it found that "[Nkosi's] continued failure to take responsibility for [his] criminal conduct, which involved the killing of [his] 7 months pregnant wife, creates a likelihood he would engage in criminal conduct if released." ECF #12 Ex. 4. Nkosi's premeditated murder of his pregnant wife and his failure to take responsibility for that heinous crime provide a rational basis for the denial of parole. And, as explained by the District Court, Nkosi has not shown a violation of the due process clause.

Nkosi requests that the Commission be ordered to apply the youth guidelines. However, the criteria used to determine whether he is released on parole no longer include consideration of any parole guidelines. Compare 18 U.S.C. § 4206(a) (providing that the Commission's determination, inter alia, should be "pursuant to guidelines promulgated by the Commission") with § 4206(d) (including no reference to guidelines). As Nkosi is not entitled to this relief, we need not address his argument that the Parole Commission and its Commissioner were proper defendants.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.